UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD V. ROBINSON | : CIVIL ACTION NO. |
| vs. | : 3:02CV2197 (MRK) |
| CITY OF HARTFORD and ALBERT G. ILG | : NOVEMBER 4, 2003 |

## SECOND AMENDED COMPLAINT

### FIRST COUNT (PROPERTY INTEREST AGAINST ALBERT G. ILG):

1. The plaintiff, Richard V. Robinson, resides in Hartford, Connecticut (hereinafter the "plaintiff").

2. At all times material hereto, the plaintiff was a citizen of the United States.

3. At all times material hereto, the plaintiff was a "person" within the meaning of 42 U.S.C. § 1983.

4. At all times material hereto, the defendant, Albert G. Ilg, was the City Manager ("Ilg" or the "defendant") for the City of Hartford, Connecticut (the "City of Hartford").

5. At times material hereto, Ilg was a "person" within the meaning of 42 U.S.C. § 1983 and acted in both his official and individual capacity.

6. At times material hereto, Ilg acted under color of law within the meaning of 42 U.S.C. § 1983.

7. The plaintiff resided in Alexandria, Egypt with his wife where he was also employed

1

before responding to a posting by the City of Hartford for the position of Finance Director.

8. The plaintiff was uniquely qualified to be the Finance Director for the City of Hartford by virtue his substantial educational and work experience and personal attributes.

9. In reliance upon the representations made by agents of the City of Hartford, the City of Hartford's written offer of employment and the protections afforded to the plaintiff under the Charter for the City of Hartford, the plaintiff accepted the offer of the City of Hartford for the position of Finance Director for the City of Hartford commencing August 6, 2001.

10. The plaintiff relocated to Hartford from Egypt and subsequently purchased a home in the City of Hartford.

11. At the time the plaintiff commenced his employment as Finance Director, the plaintiff was 57 years old and, based upon assurances from the City of Hartford, had a justifiable expectation of being employed as such until he retired.

12. Under the aforesaid agreement and the Hartford Charter, the plaintiff could only be discharged for cause following written notification of the reasons for any such discharge followed by a hearing where he had an opportunity to be heard.

13. Through the aforesaid contractual agreement and Charter for the City of Hartford, the plaintiff had a property right and interest in the continuation said employment.

14. During his employment with the City of Hartford, the plaintiff performed his job consistent with the aforesaid agreement, Hartford Charter and standards of conduct.

15. Defendant Ilg, who had responsibility to oversee the plaintiff, had minimal contact with the Finance Department and provided no guidance, direction or advice to the plaintiff.

16. The defendant Ilg terminated the plaintiff's employment without cause or a hearing required by the Fourteenth Amendment of the United States Constitution. Specifically, the plaintiff, despite his repeated requests, was not presented with the grounds for his termination and was otherwise denied a meaningful opportunity to be heard and present a defense.

17. Said actions of the defendant Ilg contravened the Hartford Charter and the plaintiff's due process rights protected by the Fourteenth Amendment to the U.S. Constitution and reflect a course and pattern of conduct consistent with either a custom, policy or practice to deprive the plaintiff of said rights.

18. Said rights of the plaintiff were clearly established at the time of his termination and Ilg knew or should have known that his conduct violated the plaintiff's rights.

19. The defendant Ilg acted collusively, and in combination and conspiracy with agents, representatives and employees of the City of Hartford and intentionally, and actively aided, abetted and participated in the aforesaid unlawful conduct.

20. Upon information and belief, the defendant Ilg's conduct as aforesaid was intentional, or in reckless disregard of the plaintiff's rights or done with improper motive.

21. As a consequence, the plaintiff has and will continue to suffer substantial damages including, lost wages and employee benefits such as pension benefits and emotional distress.

### SECOND COUNT: (PROPERTY INTEREST AGAINST THE CITY OF HARTFORD):

1. The plaintiff, Richard V. Robinson resides in the City of Hartford, Connecticut (hereinafter the "plaintiff").

2. At all times material hereto, the plaintiff was a citizen of the United States.

3. At times material hereto, the plaintiff was a "person" within the meaning of 42 U.S.C. § 1983.

4. The defendant, City of Hartford, is a municipal corporation, with its principal offices located at 550 Main Street, Hartford, Connecticut 06103 (the "City of Hartford" or the "defendant").

5. At times material hereto, the defendant, City of Hartford, was a "person" within the meaning of 42 U.S.C. § 1983

6. At times material hereto, the defendant City of Hartford acted under color of law within the meaning of 42 U.S.C. § 1983.

7. At all times material hereto, Albert G. Ilg was the City Manager for the City of Hartford.

8. At all times material hereto, the defendant, City of Hartford, acting through its agents, representatives and employees, acted pursuant to the defendant's official custom, policy or practice.

9. The plaintiff resided in Alexandria, Egypt with his wife where he was also employed before responding to a posting by the City of Hartford for the position of Finance Director.

10. The plaintiff was uniquely qualified to be the Finance Director for the City of Hartford

4

by virtue his substantial educational and work experience and personal attributes.

11. In reliance upon the representations made by agents of the City of Hartford, the City of Hartford's written offer of employment and the protections afforded to the plaintiff under the Charter for the City of Hartford, the plaintiff accepted the offer of the City of Hartford for the position of Finance Director for the City of Hartford commencing August 6, 2001.

12. The plaintiff relocated to Hartford from Egypt and subsequently purchased a home in the City of Hartford.

13. At the time the plaintiff commenced his employment as Finance Director, the plaintiff was 57 years old and, based upon assurances from the City of Hartford, had a justifiable expectation of being employed as such until he retired.

14. Under the aforesaid agreement and the Hartford Charter, the plaintiff could only be discharged for cause following written notification of the reasons for any such discharge followed by a hearing where he had an opportunity to be heard.

15. Through the aforesaid contractual agreement and Charter for the City of Hartford, the plaintiff had a property right and interest in the continuation said employment.

16. During his employment with the City of Hartford, the plaintiff performed his job consistent with the aforesaid agreement, Hartford Charter and standards of conduct.

17. Defendant Ilg, who had responsibility to oversee the plaintiff, had minimal contact with the Finance Department and provided no guidance, direction or advice to the plaintiff.

18.     The defendant City of Hartford terminated the plaintiff's employment without cause or a hearing required by the Charter and the Fourteenth Amendment of the United States Constitution. Specifically, the plaintiff, despite his repeated requests, was not presented with the grounds for his termination and was otherwise denied a meaningful opportunity to be heard.

19.     Said actions of the defendant City of Hartford contravened the Hartford Charter and plaintiff's due process rights protected by the Fourteenth Amendment to the U.S. Constitution and reflect a course and pattern of conduct consistent with either a custom, policy or practice to deprive the plaintiff of said rights.

20.     Said rights of the plaintiff were clearly established at the time of his termination and the defendant knew or should have known that his conduct violated the plaintiff's rights.

21.     The defendant City of Hartford acted collusively, and in combination and conspiracy with agents, representatives and employees of the City of Hartford and intentionally, and actively aided, abetted and participated in the aforesaid unlawful conduct.

22.     Upon information and belief, the defendant City of Hartford's conduct as aforesaid was intentional, or in reckless disregard of the plaintiff's rights and done with improper motive.

23.     As a consequence the plaintiff has and will continue to suffer substantial damages including, lost wages and employee benefits such as pension benefits and emotional distress.

## THIRD COUNT: (SUBSTANTIVE DUE PROCESS AGAINST ALBERT G.ILG):

1-20. The allegations contained in paragraphs 1-20 of the First Count are realleged and incorporated by reference as paragraphs 1-20 of this Count Three as if fully set forth herein

21. The aforesaid conduct by the defendant Ilg was oppressive, arbitrary or capricious in violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

22. As a consequence, the plaintiff has and will continue to suffer substantial damages including, lost wages and employee benefits such as pension benefits and emotional distress.

## FOURTH COUNT:(SUBSTANTIVE DUE PROCESS AGAINST THE CITY OF HARTFORD):

1-22. The allegations contained in paragraphs 1-22 of the Second Count are realleged and incorporated by reference as paragraphs 1-22 of this Count Four as if fully set forth herein

23. The aforesaid conduct by the defendant City of Hartford was oppressive, arbitrary or capricious in violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

24. As a consequence, the plaintiff has and will continue to suffer substantial damages including, lost wages and employee benefits such as pension benefits and emotional distress.

## FIFTH COUNT:(BREACH OF CONTRACT AGAINT THE CITY OF HARTFORD):

1-22. The allegations contained in paragraphs 1-22 of the Second Count are realleged and

2

incorporated by reference as paragraphs 1-22 of this Count Four as if fully set forth herein

23. Pursuant to representations made by agents of the defendant City of Hartford and the aforesaid agreement with the plaintiff, the defendant City of Hartford was obligated to review the plaintiff's job performance with the plaintiff on or before June 30, 2002.

24. Said representations by and agreement with the defendant City of Hartford, gave rise to plaintiff's legitimate understanding and expectation that he could only be terminated after being informed of specific complaints and having been given an opportunity to correct any alleged deficiencies.

25. The plaintiff relied on said representations in undertaking and continuing his employment with the defendant City of Hartford.

26. These representations and understandings gave rise to an employment contract between plaintiff and the defendant City of Hartford.

27. The defendant City of Hartford breached its contract with plaintiff by, among other things, terminating him without providing an employee evaluation and providing an opportunity to respond to any alleged deficiencies.

28. The defendant City of Hartford's conduct as aforesaid was intentional, wanton or in reckless disregard of the plaintiff's rights and was done with malice and improper motive.

3

29. As a result of the defendant City of Hartford's breach, plaintiff lost wages and employee benefits including pension benefits, medical benefits, and Social Security benefits and will continue to suffer such loses in the future.

## SIXTH COUNT (COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST CITY OF HARTFORD):

1-28. The allegations in paragraphs 1-28 of the FIFTH COUNT are hereby are realleged and incorporated into paragraphs 1-28 of the SIXTH COUNT as if fully set forth at length herein.

29. Said breach was done maliciously and with reckless indifference to the plaintiff's contractual rights and the implied covenant of good faith and fair dealing.

30. As a result of the defendant City of Hartford's breach, the plaintiff lost wages and employee benefits including pension benefits, medical benefits, and Social Security benefits and will continue to suffer such loses in the future.

## SEVENTH COUNT (PROMISSORY ESTOPPEL):

1-28. The allegations in paragraphs 1-28 of the FIFTH COUNT are realleged and incorporated into paragraphs 1-28 of the SEVENTH COUNT as if fully set forth herein.

29. The defendant City of Hartford's representations amounted to a clear and definite promise of continued employment by the defendant City of Hartford upon which plaintiff could reasonably be expected to have relied.

4

30. Contrary to its representations, assurances and promises, the defendant City of Hartford terminated the plaintiff without providing him with a performance evaluation or providing the plaintiff an opportunity to respond to any alleged deficiencies.

31. Plaintiff relied on said representations, assurance and promises in commencing and continuing his employment with the defendant City of Hartford to his detriment.

32. As a consequence of the defendant City of Hartford's conduct, the plaintiff lost wages and employee benefits including pension benefits, medical benefits, and Social Security benefits and will continue to suffer such loses in the future.

**WHEREFORE,** THE PLAINTIFF PRAYS AS TO ALL COUNTS AS FOLLOWS:

1. Money damages;

2. Punitive damages;

2. Attorney's fees, costs and interest pursuant to 42 U.S.C. § 1988; and

3. Such further and different relief as the court deems just and proper.

Dated at Hartford, Connecticut on this 4th day of November, 2003.

PLAINTIFF,
RICHARD V. ROBINSON

By_____
M. Hatcher Norris, Esq.
BUTLER NORRIS & GOLD
254 Prospect Avenue
Hartford, CT 06106
Tel. No. (860) 236-6951
Federal Bar No. ct 00061

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD V. ROBINSON            : CIVIL ACTION NO.

vs.            : 3:02CV2197 (MRK)

CITY OF HARTFORD and
ALBERT G. ILG            : NOVEMBER 4, 2003

## STATEMENT RE: AMOUNT IN DEMAND

The amount in demand, exlcusive of interest and costs, is in excess of $15,000.00.

PLAINTIFF,
RICHARD V. ROBINSON

By_____
M. Hatcher Norris, Esq.
BUTLER NORRIS & GOLD
254 Prospect Avenue
Hartford, CT  06106
Tel. No. (860) 236-6951
Federal Bar No. ct00061

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage prepaid, via first-class mail on this 4th day of November 2003 to:

Attorney Helen Apostolidis
Assistant Corporation Counsel
550 Main Street
Hartford, CT 06103

_____
M. Hatcher Norris, Esq.

8

Case 3:02-cv-02197-MRK   Document 16   Filed 11/05/2003   Page 13 of 13