UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICHARD V. ROBINSON** | : | **CIVIL ACTION NO.** |
| vs. | : | **3:02CV2197 (MRK)** |
| **CITY OF HARTFORD** and **ALBERT G. ILG** | : | MARCH _____, 2004 |

## LOCAL RULE 56(a)2 STATEMENT

**A.   RESPONSE TO RULE 56(a)2 STATEMENT:**

The plaintiff, **RICHARD V. ROBINSON**, by counsel, pursuant to Local Rules 56(a)2, hereby responds to Defendants' Rule 56(a)2 Statement by reference to the paragraphs in the moving papers:

1. Paragraph 1: Plaintiff admits the first sentencing and denies the second sentence.

2. Paragraph 2: Admitted.

3. Paragraph 3: Admitted.

4. Paragraph 4: Admitted.

5. Paragraph 5: Admitted.

6. Paragraph 6: Admitted.

7. Paragraph 7: Admitted.

8. Paragraph 8: Admitted.

9. Paragraph 9: Admitted.

10. Paragraph 10: Admitted.

11. Paragraph 11: Admitted.

12. Paragraph 12: Plaintiff admits all of Paragraph 12 with exception to the last sentence which is denied.

13. Paragraph 13: Admitted.

14. Paragraph 14: Admitted.

15. Paragraph 15: Plaintiff denies that Albert Ilg expressed a lost confidence in him and admits the remainder of the paragraph.

16. Paragraph 16: Admitted.

17. Paragraph 17: Admitted.

18. Paragraph 18: Admitted.

19. Paragraph 19: Admitted.

20. Paragraph 20: Admitted.

21. Paragraph 21: Admitted.

22. Paragraph 22: Admitted.

B.     **PLAINTIFF'S LIST OF ISSUES OF MATERIAL FACTS:**

1.     Whether Plaintiff, upon the representation by the City Manager of the City of Hartford and the recruitment firm hired by the City of Hartford, had a justifiable expectation of being employed as Finance Director of the City of Hartford until he retired?

2.     Whether the representation in the solicitation by the City of Hartford for interest in the position of Finance Director (**Exhibit C of Defendants' Motion for Summary Judgment**) constituted a representation regarding longevity of the position?

3.     Whether the City of Hartford breached it contract with the Plaintiff by failing to provide Plaintiff with a performance evaluation on or before June 30, 2002, as indicated in his letter of appointment (**Exhibit D of Defendants' Motion for Summary Judgment**), by informing Plaintiff in April of 2002 that he must resign, without the benefit of a performance review?

4.     Whether the City of Hartford breached an implied covenant of good faith and fair dealing with the Plaintiff, by inducing Plaintiff through verbal and written representations regarding the longevity of the position of Finance Director, to relocate to Hartford from Egypt only to be fired without the benefit of a performance evaluation approximately seven months after he accepted the position of Finance Director?

5.     Whether the City of Hartford, through the representation by its recruiting agent

and City Managers, made a promise of continued employment upon which the plaintiff could reasonably be expected to have relied?

      6.      Whether the City of Hartford knew or reasonably should have known that the termination of plaintiff's employment, following the City's representations regarding longevity of the position of Finance Director and a representation of a performance evaluation on or before June 30, 2002, would have created a risk of causing emotional distress to the plaintiff?

      7.      Whether a claim of legal right to fire is a "clear statement of the grounds for such removal" as required by Chapter V., Sec. 4 of the City of Hartford Charter?  (**Exhibit E of Defendants' Motion for Summary Judgment**)?

    **C.**    <u>**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>**:**

      1.      The City of Hartford advertised for the position of Finance Director making the following representation: "[t]he current vacancy is being created by the retirement of a finance professional who was employed by the City of Hartford for 20 years. There have only been five Finance Directors since 1946 . . . The Finance Director is also required to establish residency in the City of Hartford within six month (sic) of being hired." (**Exhibit C of Defendants' Motion for Summary Judgment**)

      2.      Richard Robinson respond to the written announcement/invitation for the

position of Finance Director for the City of Hartford.  (**Robinson deposition, Page 77**)[1]

      3.      The Mercer Group, Inc., acted as a recruiting firm for the City of Hartford. (**Exhibit C to Defendants' Motion for Summary Judgment**)

      4.      Prior to accepting the position of Finance Director, Plaintiff inquired of the City Manager of Hartford and Mercer Group regarding the longevity of the position of finance director and was advised that finance directors had stayed until retirement.  (**Robinson deposition, pp. 89-96; 106-108**).

      5.      Plaintiff relied on the representation regarding longevity of position of Finance Director in accepting the position and relocating to Hartford from Egypt.  (**Robinson deposition, pp. 245-247**).

      6.      Plaintiff received a letter from the City Manager of Hartford dated June 5, 2001 confirming his appointment as Finance Director.  (**Exhibit D of Defendants' Motion for Summary Judgment**).

      7.      Said letter of June 5, 2001, represented that Plaintiff would being work on Monday, August 6, 2001 and that on or before June 30, 2002, a performance evaluation will be conducted.  (**Exhibit D of Defendants' Motion for Summary Judgment**).

      8.      On December 12, 2001, Albert Ilg assumed that position of interim City

---

[1] The Robinson deposition is attached as Exhibit A to Defendants' Motion for Summary Judgment and

Manager of the City of Hartford.  (**Ilg deposition, p. 6; attached hereto as Exhibit A**).

9.  On April 16, 2002, Albert Ilg met with Richard Robinson and informed Robinson that ". . . we need to make a change in the finance director for the city."  (**Ilg deposition, p. 18**).

10. On April 16, 2002, Albert Ilg informed Richard Robinson that he, Robinson should resign and gave no reasons for this demand to Robinson.  (**Robinson deposition, pp. 134-136**).

11. April 16, 2002 was the first time Albert Ilg ever communicated to Richard Robinson that he, Ilg, was having a problem with confidence in Robinson's ability. (**Ilg deposition, p. 20**).

12. Although the appointment letter of June 5, 2001 called for a performance evaluation on or before June 30, 2002, Albert Ilg believed that his demand for Plaintiff's resignation "precluded a performance evaluation."  (**Ilg deposition, p. 19**).

13. As of April 16, 2002, Albert Ilg was not familiar with the description prepared by the Mercer Group of the experience, knowledge, training and references of Richard Robinson.  (**Ilg deposition, p. 42**)**.**

14. Albert Ilg believes that the City Manager could have offered Richard Robinson

---

incorporated herein by reference.

a job, have him relocate from Egypt, buy a home and then on his second day on the job advise Robinson that he does not want Robinson here.  (**Ilg deposition, pp. 247-248**).

15. Albert Ilg never, prior to April 16, 2002, advised Richard Robinson that his performance as Finance Director was deemed to be deficient in any manner.  (**Robinson deposition, pp. 247-248**).

16. As of the date of April 16, 2002, Richard Robinson, in reliance on the City's representations regarding longevity of employment, had signed a promissory note to purchase time for the pension plan with the intention to be vested upon retirement.  (**Robinson deposition, pp. 95-96; 247**)**.**

17. In reliance on the City's representations and to comply with the City's residency requirement, Robinson relocated with his wife from Egypt and purchased a home in Hartford, Connecticut.  (**Robinson deposition, pp. 169-172**).

18. Albert Ilg agrees that the representations in the solicitation for the position of Finance Director accepted by Richard Robinson are that the position offered is one in which an individual may expect to stay with for many years.  (**Ilg deposition, p. 46**).

19. Mayor Edward Perez was not aware, as of the termination of Plaintiff, of the representations made by the City of Hartford regarding the longevity of prior Finance Directors in the solicitation of the position filled by Richard Robinson.  (**Perez deposition, p. 19-20;**

**Attached hereto as Exhibit B**).

20.     The stated grounds for removal of the Plaintiff from the position of Finance Director were the legal right of Albert Ilg to remove Plaintiff.  (**Perez deposition, p. 22; Ilg deposition, p. 41**).

Dated at Hartford, Connecticut on this 22nd day of March, 2004.

                PLAINTIFF,
                RICHARD V. ROBINSON


                By_____
                 M. Hatcher Norris, Esq.
                 BUTLER NORRIS & GOLD
                 254 Prospect Avenue
                 Hartford, CT  06106
                 Tel. No. (860) 236-6951
                 Federal Bar No. ct 00061

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed postage prepaid, via first-class mail on this 22nd day of March, 2004 to:

Attorney Helen Apostolidis
Assistant Corporation Counsel
550 Main Street
Hartford, CT  06103

The Honorable Mark R. Kravitz
United States District Court
District of Connecticut
141 Church Street
New Haven, CT  06510
**(CHAMBERS COPY)**

                                M. Hatcher Norris, Esq.

United States District Court
District of Connecticut
Clerk's Office
141 Church Street
New Haven, CT  06510